UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHELTON BROTHERS INC., <br><br> Plaintiff <br><br> vs. <br><br> TRI-VALLEY BEVERAGE, INC., <br> T. J. SHEEHAN DISTRIBUTING, INC., <br> U.B. DISTRIBUTORS LLC, and <br> CRAFT BEER GUILD DISTRIBUTING OF <br> NEW YORK LLC, <br><br> Defendants. | Civil Action No. 6:14-CV-01168 <br> (GLS/ATB) |

## **ANSWER TO COUNTERCLAIM**

The Plaintiff, Shelton Brothers Inc., by and through their attorneys, Harris, Conway & Donovan, PLLC, hereby answer the Defendant's Counterclaim as follows:

1. The allegations and facts in Paragraph 1 of Defendants' Counterclaim do not require a response from Plaintiff.

2. The allegations and facts in Paragraph 2 of Defendants' Counterclaim do not require a response from Plaintiff.

3. The allegations and facts in Paragraph 3 of Defendants' Counterclaim do not require a response from Plaintiff.

4. The allegations and facts in Paragraph 4 of Defendants' Counterclaim do not require a response from Plaintiff.

5. Plaintiff admits the allegations and facts contained in Paragraph 5 of Defendants' Counterclaim.

6. This Paragraph states a legal conclusion and no response is necessary.

7. Plaintiff denies the allegations set forth in Paragraph 7 of Defendants' Counterclaim.

8. Plaintiff denies the allegations set forth in Paragraph 8 of the Defendants' Counterclaim.

9. Plaintiff admits the allegations set forth in Paragraph 9 of Defendants' counterclaim.

10. Plaintiff denies the allegations set forth in Paragraph 10 of the Defendants' counterclaim.

11. Plaintiff denies the allegations set forth in Paragraph 11 of the Defendants' Counterclaim.

12. Plaintiff denies the allegations set forth in Paragraph 12 of the Defendants' Counterclaim.

13. Plaintiff admits the allegations set forth in Paragraph 13 of Defendants' Counterclaim.

14. The documents referenced in Paragraph 14 of Defendants' Counterclaim are self - explanatory. Nothing in this answer shall be construed as a concession that there is a legally enforceable agreement between the Plaintiff and the Defendants.

15. The documents referenced in Paragraph 15 of Defendants' Counterclaim are self-explanatory. Nothing in this answer shall be construed as a concession that there is a legally enforceable agreement between the Plaintiff and the Defendants.

16. Plaintiff denies the allegations set forth in Paragraph 16 of Defendants' Counterclaim.

17. Plaintiff denies the allegations set forth in Paragraph 17 of Defendants' Counterclaim.

18. Plaintiff denies the allegations set forth in Paragraph 18 of Defendants' Counterclaim.

19. Plaintiff denies the allegations set forth in Paragraph 19 of Defendants' Counterclaim.

20. Plaintiff denies to possess knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Defendants' Counterclaim.

21. Plaintiff admits the allegations set forth in Paragraph 21 of Defendants' Counterclaim.

22. Plaintiff denies the allegations set forth in Paragraph 22 of Defendants' Counterclaim.

23. Plaintiff denies the allegations set forth in Paragraph 23 of Defendants' Counterclaim.

24. Plaintiff denies the allegations set forth in Paragraph 24 of Defendants' Counterclaim.

25. Plaintiff denies the allegations set forth in Paragraph 25 of Defendants' Counterclaim.

26. Plaintiff denies the allegations set forth in Paragraph 26 of Defendants' Counterclaim.

27. Plaintiff denies the allegations set forth in Paragraph 27 of Defendants' Counterclaim.

28. Plaintiff denies the allegations set forth in Paragraph 28 of Defendants' Counterclaim.

29. Plaintiff denies the allegations set forth in Paragraph 29 of Defendants' Counterclaim.

30. Plaintiff denies the allegations set forth in Paragraph 30 of Defendants' Counterclaim.

31. Plaintiff denies to possess knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Defendants' Counterclaim.

32. Plaintiff denies the allegations set forth in Paragraph 32 of Defendants' Counterclaim.

33. Plaintiff denies the allegations set forth in Paragraph 33 of Defendants' Counterclaim.

34. Plaintiff denies the allegations set forth in Paragraph 34 of Defendants' Counterclaim.

35. Plaintiff denies the allegations set forth in Paragraph 35 of Defendants' Counterclaim.

36. Plaintiff denies the allegations set forth in Paragraph 36 of Defendants' Counterclaim.

37. Plaintiff denies the allegations set forth in Paragraph 37 of Defendants' Counterclaim.

38. Plaintiff denies the allegations set forth in Paragraph 38 of Defendants' Counterclaim.

39. Plaintiff denies the allegations set forth in Paragraph 39 of Defendants' Counterclaim.

40. Plaintiff denies the allegations set forth in Paragraph 40 of Defendants' Counterclaim.

41. Plaintiff denies the allegations set forth in Paragraph 41 of Defendants' Counterclaim.

42. Plaintiff denies to possess knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Defendants' Counterclaim.

43. Plaintiff denies the allegations set forth in Paragraph 43 of Defendants' Counterclaim.

44. Plaintiff denies the allegations set forth in Paragraph 44 of Defendants' Counterclaim.

45. Plaintiff denies the allegations set forth in Paragraph 45 of Defendants' Counterclaim.

46. Plaintiff denies the allegations set forth in Paragraph 46 of Defendants' Counterclaim.

47. Plaintiff denies the allegations set forth in Paragraph 47 of Defendants' Counterclaim.

48. Plaintiff denies the allegations set forth in Paragraph 48 of Defendants' Counterclaim.

49. Plaintiff denies the allegations set forth in Paragraph 49 of Defendants' Counterclaim.

50. Plaintiff denies the allegations set forth in Paragraph 50 of Defendants' Counterclaim.

51. Plaintiff denies the allegations set forth in Paragraph 51 of Defendants' Counterclaim.

52. Plaintiff denies the allegations set forth in Paragraph 52 of Defendants' Counterclaim.

53. Plaintiff denies the allegations set forth in Paragraph 53 of Defendants' Counterclaim.

54. Plaintiff denies the allegations set forth in Paragraph 54 of Defendants' Counterclaim.

55. Plaintiff denies the allegations set forth in Paragraph 55 of Defendants' Counterclaim.

56. Plaintiff denies the allegations set forth in Paragraph 56 of Defendants' Counterclaim.

57. Plaintiff denies the allegations set forth in Paragraph 57 of Defendants' Counterclaim.

58. Plaintiff denies the allegations set forth in Paragraph 58 of Defendants' Counterclaim.

59. Plaintiff denies the allegations set forth in Paragraph 59 of Defendants' Counterclaim.

60. Plaintiff denies the allegations set forth in Paragraph 60 of Defendants' Counterclaim.

61. Plaintiff denies the allegations set forth in Paragraph 61 of Defendants' Counterclaim.

62. Plaintiff denies the allegations set forth in Paragraph 62 of Defendants' Counterclaim.

63. Plaintiff denies the allegations set forth in Paragraph 63 of Defendants' Counterclaim.

64. Plaintiff denies the allegations set forth in Paragraph 65 of Defendants' Counterclaim.

65. Plaintiff denies the allegations set forth in Paragraph 65 of Defendants' Counterclaim.

66. Plaintiff denies the allegations set forth in Paragraph 66 of Defendants' Counterclaim.

67. Plaintiff denies the allegations set forth in Paragraph 67 of Defendants' Counterclaim.

68. Plaintiff denies the allegations set forth in Paragraph 68 of Defendants' Counterclaim.

69. Plaintiff denies the allegations set forth in Paragraph 69 of Defendants' Counterclaim.

70. Plaintiff denies the allegations set forth in Paragraph 70 of Defendants' Counterclaim.

71. Plaintiff denies the allegations set forth in Paragraph 71 of Defendants' Counterclaim.

72. Plaintiff denies the allegations set forth in Paragraph 72 of Defendants' Counterclaim.

73. Plaintiff denies the allegations set forth in Paragraph 73 of Defendants' Counterclaim.

74. Plaintiff denies the allegations set forth in Paragraph 74 of Defendants' Counterclaim.

75. Plaintiff denies the allegations set forth in Paragraph 75 of Defendants' Counterclaim.

76. Plaintiff denies the allegations set forth in Paragraph 76 of Defendants' Counterclaim.

77. Plaintiff denies the allegations set forth in Paragraph 77 of Defendants' Counterclaim.

**AS AND FOR A FIRST
AFFIRMATIVE DEFENSE**

The Counterclaim fails to state a cause of action for which relief can be granted.

**AS AND FOR A SECOND
AFFIRMATIVE DEFENSE**

Defendants' claims are barred, in whole or in part, under the doctrine of laches.

**AS AND FOR A THIRD
AFFIRMATIVE DEFENSE**

Defendants' claims are barred, in whole or in part, because Defendants would be unjustly enriched if they were allowed to recover any part of damages alleged in the Counterclaim.

**AS AND FOR A FOURTH
AFFIRMATIVE DEFENSE**

Defendants' claims are barred by the doctrine of unclean hands.

**AS AND FOR A FIFTH
AFFIRMATIVE DEFENSE**

Defendant is barred from recovery due to the doctrine of estoppel and/or waiver.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

Defendants cannot claim protection under New York Alcohol Beverage Control Law (NYS ABC Law) §55(c) because the claims set forth in the Counterclaim are barred by Section 55(c).

## AS AND FOR AN SEVENTH
## AFFIRMATIVE DEFENSE

The claims set forth in the Counterclaim by the Defendants for breach of contract are barred since there was never consideration or bargained for exchange, which is necessary to have an enforceable agreement.

**The Plaintiff maintains that §55-C of the NYS ABC Law does not apply to the facts and circumstances involved in the instant case, notwithstanding the above Affirmative defenses in the event the court finds that §55-C does apply the Plaintiff further asserts the following Affirmative Defenses (Eight, Nine, Ten, Eleven, Twelve and Thirteen).**

## AS AND FOR AN EIGTH
## AFFIRMATIVE DEFENSE

The working arrangement between Shelton Brothers and the Defendants was established well before amendment of the NYS Alcohol Beverage Control Law §55-c (amended in 2013), the statutory provisions upon which Defendants rely upon in their Counterclaim.

## AS AND FOR AN NINTH
## AFFIRMATIVE DEFENSE

Shelton Brothers does not do business in New York and does not ship or import beer into New York. The sales, and the deliveries of beer between Shelton Brothers and the Defendants in every instance took place outside of New York and were in interstate commerce. Shelton Brothers also is not a brewer of beer. Shelton Brothers therefore is not a brewer or importer

within the meaning of the statutory provisions relied upon by Defendants, and the arrangement between Shelton Brothers and Defendants is not subject to such statutes.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Shelton Brothers does not ship or import beer into New York. The contracts for sale, the sales, and the deliveries of beer between Shelton Brothers and the Defendants in every instance took place outside of New York and were in interstate commerce. All sales of beer in which Shelton Brothers engages have taken place outside of New York. The attempts of the State of New York through the NYS ABC Law to control the terms and nature of this relationship between these parties engaged exclusively in interstate commerce is unconstitutional interference in interstate commerce which is clearly excessive in relation to any local benefits obtained through the interference, thus in violation of the Commerce Clause, article I, section 8, clause 3 of the Constitution of the United States. The relief sought by Defendants in this litigation must therefore be denied as it violates the Commerce Clause.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

The NYS ABC Law §55-C intrudes upon and attempts to override the rights of the parties to establish the nature of their own relationship, and imposes duties and obligations on importers, and grants rights to distributors without providing counterpart rights to their opposite parties. This discrimination for distributors and against importers falls disproportionately on importers engaged in interstate commerce rather than upon wholesalers who are by statutory definition and requirement exclusively New York State citizens and corporations. The statute thus favors in-state economic interests over out-of-state interests. This is done without any rationally supported public policy or other rational basis and is arbitrary and unjustified, and therefore impermissibly

discriminates against interstate commerce. The relief sought by Defendants in this litigation must therefore be denied as it violates the Commerce Clause.

## AS AND FOR A TWELTH AFFIRMATIVE DEFENSE

The NYS ABC Law intrudes upon and attempts to override the rights of importers to establish the nature of their own relationships and to bargain equally with distributors in New York, arbitrarily imposes duties and obligations on importers and strips importers of their right to seek out and contract with distributors who would provide better sales support and services. This arbitrary deprivation of rights and imposition of duties and obligations for no rationally-supported public policy purpose constitutes an unjustified taking from Shelton Brothers of its liberty and property rights in violation of the substantive due process rights of Shelton Brothers under the Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The New York State ABC Law intrudes upon and attempts to override the rights of the parties to establish the nature of their own relationship, and imposes duties and obligations on importers, and grants rights to distributors without providing counterpart rights to their opposite parties, all for the purpose of favoring distributors to the detriment of brewers and other suppliers. This is done without any rationally supported public policy or other rational basis and is arbitrary and unjustified, and thus violates the rights of Shelton Brothers under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**WHEREFORE,** the Plaintiff requests all claims in the Counterclaim be dismissed and that Judgment be entered in favor of the Plaintiff along with costs and fees as applicable by law and whatever relief the Court deems just and appropriate.

Dated: November 20, 2014,

                                Respectfully submitted,
                                SHELTON BROTHERS INC.
                                By Its Attorneys

                                /S/   Ryan T. Donovan

                                Ryan T. Donovan
                                Bar Roll No.: 105803
                                RTDonovan@capitalregionlaw.com
                                HARRIS, CONWAY & DONOVAN, PLLC
                                Five Clinton Square
                                Albany, New York 12207
                                Phone: (518) 436-1661
                                Fax: (518) 432-1996