UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHELTON BROTHERS, INC.,
  *Plaintiff*,

v.

TRI-VALLEY BEVERAGE, INC.,
T. J. SHEEHAN DISTRIBUTING, INC.
UB DISTRIBUTORS, LLC, and
CRAFT BEER GUILD DISTRIBUTING
OF NEW YORK, LLC,
  *Defendants*.

Civil Action No. 6:14-CV-01168
(GLS/ATB)

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUBMISSION CONCERNING THE COURT'S JULY 6, 2015 ORDER TO SHOW CAUSE**

Pursuant to the Court's July 6, 2015 Order, the defendants, Tri-Valley Beverage, Inc., T.J. Sheehan Distributing, Inc., UB Distributors, LLC and Craft Beer Guild Distributing of New York, LLC (collectively hereinafter, "Beer Wholesalers") hereby submit this response to the submission of the plaintiff, Shelton Brothers, Inc. (hereinafter referred to as "Plaintiff" or "Shelton Brothers") which responded to the Court's Order to Show Cause why this action should not be dismissed for lack of subject matter jurisdiction.

Shelton Brothers concedes that there is a lack of complete diversity as required by the diversity jurisdiction statute, 28 U.S.C. § 1332, because defendant UB Distributors, LLC has members which are Massachusetts-based trusts and plaintiff Shelton Brothers is also a Massachusetts corporation. It further concedes that complete diversity is also destroyed by the fact that Craft Beer Guild Distributing of New York, LLC is solely owned by UB Distributors, LLC. However, Shelton Brothers posits that the remedy for this lack of complete diversity is to simply dismiss the defendant LLCs and continue the

lawsuit solely against the corporate defendants, Tri-Valley Beverage, Inc. and T.J. Sheehan Distributing, Inc.

While Defendants acknowledge that a 'live' controversy exists between all the parties and that there is a desire to have the dispute determined by a single tribunal if it cannot be otherwise resolved, Defendants object to Shelton Brothers' suggestion that the Court should maintain jurisdiction by "splitting" the case and simply dismissing the defendant LLCs and continuing the case against the corporate defendants. First, the Supreme Court has generally held that "that diversity jurisdiction exists under 28 U. S. C. § 1332 only when there is complete diversity of citizenship" and that this requirement should be "strictly construed" and not allowed to be "circumvented" for the "convenience of litigants nor considerations of judicial economy". *Owen Equipment & Erection Co. v. Kroger*, 437 US 365, 377 (1978). Second, UB Distributors, LLC is a necessary party to any determination of the issues in this case. As shown by the Complaint, "Union Beer" – which is UB Distributors, LLC's business name—is one of four related entities with whom the Shelton Brothers have a current dispute over the distribution rights of certain beer brands and is the only defendant which was actually continuing to transact business with Shelton Brothers at the time the Complaint for Declaratory Relief was filed. Complaint, ¶¶ 43-47. Third, the declaratory relief sought is mainly focused on the dispute between Shelton Brothers and "Union Beer" as the Complaint acknowledges that the corporate defendants "Tri-Valley and T.J. Sheehan have not protested or objected to Shelton Brothers' decision to stop selling beer to each of them…" Complaint, ¶57. As the essence of the controversy plead in the Complaint is essentially whether or not a contract exists between "Union Beer" and Shelton Brothers, UB Distributors, LLC is a necessary

party. *Harris Trust and Sav. Bank v. Energy Assets Intern. Corp.*, 124 F.F.D. 115, 117 (E.D. La. 1989) ("[W]here interpretation of a contract is involved, parties to that contract must be joined"); Fed. R. Civ. P. 19. Finally, as UB Distributors, LLC is a necessary party but cannot be joined due to a lack of complete diversity, the entire case should be dismissed because it would be unjust to proceed without UB Distributors, LLC because it could be otherwise subjected to inconsistent judicial determinations and another forum (i.e. state courts) is readily available to the parties. See e.g., *Estate of Alvarez v. Donaldson Co., Inc.,* 213 F.3d 993 (7th Cir. 2000) (dismissal appropriate in part because plaintiff can sue all parties in state court).

In sum, while the Defendant Beer Wholesalers desire to have their dispute with Shelton Brothers promptly resolved by a single tribunal, they object to the suggestion that the case be "split" and suggest that the matter be dismissed without prejudice.

DEFENDANTS
By their attorneys,

/s/ Joshua M. D. Segal
Joshua M. D. Segal (No: 519008)
    jsegal@lawson-weitzen.com
J. Mark Dickison (No: 519040) (*pro hac vice*)
    mdickison@lawson-weitzen.com
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Fax: (617) 439-3987

Address for purposes of N.Y. Jud. Code § 470
Joshua M. D. Segal
SEGAL & GREENBERG, LLP
179 Franklin Street
New York, NY 10013
(Unless otherwise necessary, please use the Massachusetts address for all communication.)